UNITED STATES of America,
Appellant,

v.

Leroy Dale HINES, Appellee.

No. 199–69.

United States Court of Appeals
Tenth Circuit.

Nov. 26, 1969.

Rehearing Denied Feb. 13, 1970.

Charles Ruff, Attorney, Department of Justice, Washington, D. C. (Lawrence A. McSoud, U. S. Atty., Tulsa, Okl., on the brief), for appellant.

L. K. Smith, Tulsa, Okl., for appellee.

Before HILL and SETH, Circuit Judges, and THEIS, District Judge.

HILL, Circuit Judge.

In 1967, appellee, Hines, entered a plea of nolo contendere to a violation of 18 U.S.C. § 1952, in that he had used the mails to promote an illegal gambling business. Upon this plea, the trial court placed him on probation for three years and assessed a fine in the amount of $10,000 against him. One of the conditions of probation provided he would "not associate with any known members of organized crime." On December 31, 1968, an agent of the Federal Bureau of Investigation procured search warrants for the search of appellee's home, cars and person. By subsequent searches certain gambling paraphernalia, three guns and a quantity of cash belonging to Hines were seized. Soon thereafter the United States Attorney filed an application in the prior criminal case to revoke appellee's probation on the grounds that Hines had failed to follow the instructions of his probation officer and, on December 31, 1968, was found to be in possession of firearms and gambling paraphernalia. This was the inception of the proceedings we are asked here to review.

A hearing was had on this application and the trial judge denied the applica-

tion to revoke probation but took under advisement the question of further extending the period of probation. Thereafter, at another court session, the judge refused to extend the probationary term and expressed doubt about the validity of the December 31, 1968, searches and seizures because of the insufficiency of the affidavits. At that point in the proceedings counsel for Hines orally moved for an order directing the return of the seized property to his client. After some discussion in open court between the judge and counsel the oral motion was granted and a minute order entered accordingly by the clerk on the clerk's minute sheet in the original criminal case. A separate formal order was entered on March 11, 1969, directing the return of the seized property and suppressing the same as evidence in any proceeding. The United States appealed from the minute order above referred to.

The threshold issue is a narrow one of appealability, questioning the right of the government to seek redress in this court from an affirmative order granting suppression and return of seized property. To support its right of appeal, appellant first relies upon 28 U.S. C.A. § 1291, and in the alternative, 18 U.S.C.A. § 3731.

 The Government is initially faced with "the concept that in the federal jurisprudence * * * appeals by the Government in criminal cases are something unusual, exceptional, not favored." Carroll v. United States, 354 U.S. 394, 400, 77 S.Ct. 1332, 1336, 1 L.Ed.2d 1442 (1957). Indeed, the United States is denied the right of appeal in criminal cases absent express statutory sanction.[1] There is no such express authorization in 28 U.S.C.A. § 1291 [2] and the Govern-

ment's only statutorily created right of appeal in criminal cases is given by 18 U.S.C.A. § 3731. A 1968 amendment now permits governmental appeals from orders of suppression and return in proscribed circumstances, specifically defined therein.[3] However, strictly construing this statute, as we are required to do,[4] this appeal will not square with the permissive portions of new paragraph eight, 18 U.S.C.A. § 3731.

The applicability of the appeals statute must be made with an eye toward the facts and circumstances of each case. The enactment manifestly applies when an indictment or information has been filed, with the accused awaiting trial, if the other requirements of the statute are met. Is it, however, usable when trial and sentencing are completed years earlier, with appellee before the court as a suspected, but exonerated, parole violator and against whom no new complaint, information nor indictment has been filed?

There are five provisions, each of which must be realized before the statute is functional: The order must grant the motion; the person must be charged with violating a criminal statute of the United States; the order must be made before trial; the appeal may not be used to delay judicial proceedings; and the evidence must be substantial proof of the charge pending against the defendant.

 The application for revocation is barren of any reference to a federal law violation. The mere statement that a probationer has violated the terms of that privilege does not *per se* accusatorily allege a breach of United States law. Often is the case, as here, where the application on its face alleges violation of

---

1. DiBella v. United States, 369 U.S. 121, 130, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

2. *Id.* at 130, 82 S.Ct. 654.

3. The 1968 amendment, Pub.L. 90–351, 82 Stat., at 197, inserted the eighth paragraph, providing: "From an order, granting a motion for return of seized property or a motion to suppress evidence, made before the trial of a person

charged with a violation of any law of the United States, if the United States attorney certifies to the judge who granted such motion that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of the charge pending against the defendant."

4. Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

the conditions of probation but contains no charge of the sort required by 18 U.S.C.A. § 3731. Assuming, arguendo, that Hines was continuously charged with violating 18 U.S.C.A. § 1952, the original 1967 charge, the statute [§ 3731] is not available to the appellant since the motion did not antedate the trial. Conversely, if the government intends to use the evidence in a future trial, § 3731 does not aid them for there have been no charges filed on any new violation.

◼ Jurisdiction is also asserted under the "independent proceeding" theory espoused in Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332 (1957), and refined in DiBella v. United States, 369 U.S. at 131–132, 82 S.Ct. at 660: "Only if the motion is solely for return of property and is in no way tied to a criminal prosecution in esse against the movant can the proceedings be regarded as independent." This narrow ground of appeal, judicially carved out under 28 U.S. C.A. § 1291, definitionally precludes our review of the District Court order. Patently, that order commands more than return of seized property. And although the innovative position of appellant urges the motion and order as wholly independent of the probation proceedings, we think it uniquely inconsistent that the notice of appeal to this court certifies that the suppressed property is " 'substantial proof of a charge pending against' Leroy Dale Hines, to-wit, the violation of probation."

It is argued that the motion to revoke or extend probation was denied because of insufficient evidence, and that the validity of the warrants for search played no part in that decision. Such conclusory reasoning cannot be maintained in the face of DiBella. This argument does not pass muster under the "independent proceeding" test, for had the hearings been successful to the United States, the validity of the warrants would prove as vital to the successful prosecution as would the warrant-seized property. Conversely, in this case after finding the search warrants inadequate, the court stated: * * * the Court, at this time, then, is not going to revoke, in view of the circumstances of the search, I'm not going to issue a fine nor prolong probation."

◼ On the proposition that this was a pre-indictment order, it is contended that this case falls directly within the DiBella rule; that is, since no new charges were levied, the motion and order were in no way tied to a criminal prosecution. This argument belies the unequivocal language of that decision, which affirms that a pre-indictment motion is not recognized as independent with full panoply of appeal unless the motion is only for return and is totally segregated from an in esse criminal prosecution. It is of no moment that the prosecution evidence here failed to provide grounds for revocation or extension of probation, nor that the same evidence may be later turned to in a trial upon new charges. The defeating note is sounded by the interrelationship of the warrants, the seized property and the probation hearings. The DiBella exception clearly delineates "independent proceedings." A pending criminal prosecution, to which a motion for return may be even remotely connected, suffices to destroy appealability. Here the property seized in the December 31 search was the main part of evidence proffered to prove Hines' probation violation. Thus, the warrants and their yield were inextricably knotted to the revocation proceedings. It is less than consistent to argue that the warrants and their produce were independent of these probation hearings when the entire procedure focused on the warrants, the FBI affiant and the seized property.

Because of our disposition of the case we need not reach the question of the validity of the searches and seizures.

For the reasons expressed above, the appeal is dismissed.